STATE, AMOS CLARK, JR., ET AL., PROSECUTORS, v. WIL-
LIAM A. MULFORD, COLLECTOR OF LINDEN TOWN-
SHIP.

1. The following description of the prosecutor's lands is sufficient to sub-
ject them to a sale for the tax assessed, to wit: "Buildings, fifty-nine
acres on north side of St. George's avenue, in road district No. 3, school
district No. 4."

2. If the assessments were defective in this respect, it would be the
duty of the court to amend them under the act of March 23d, 1881.
*Pamph. L., p.* 194.

3. The increase of assessment on the mill property of relator by the
township committee, without notice to him, is illegal; the assessment
must be reduced to the assessor's valuation, unless the defendants
make application under the act of 1881, to fix a proper valuation.

On *certiorari.*   In matter of tax.

Argued at June Term, 1881, before Justices DEPUE and
VAN SYCKEL.

For the plaintiffs, *W. P. Wilson.*

For the defendants, *J. R. English.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This *certiorari* brings up for review the
assessment of lands of the prosecutors, and the warrant for the
sale of the same for taxes imposed in the township of Linden,
county of Union.

The first reason assigned for reversal is, that the descrip-
tion of the property in the tax duplicate is indefinite and
insufficient.

The first description of lands assessed to Amos Clark, Jr., is:
"Buildings, fifty-nine acres on north side of St. George's
avenue, in road district No. 3, school district No. 4."

The descriptions of the other property assessed are substan-
tially like to this one.

It also appears by the testimony taken that Mr. Clark gave the assessor the description of the property, which he adopted in the duplicate, and that so far as the assessor is informed, Mr. Clark owns no other property in the specified districts.

All these descriptions are sufficient to subject the lands to a sale for the tax assessed.  *State, Allen, pros.*, v. *Woodbridge*, 13 *Vroom* 401.

The objection that lands of Elizabeth R. Clark are assessed in the name of the Union and Essex Land Improvement Company, and that lands of William Hahn are assessed in the name of Ferdinand Blancke, cannot prevail, since it is cured by the statute.  *Rev., p.* 1165, *pl.* 120 ; *State, Tindall, pros.*, v. *Vanderbilt, Col.*, 4 *Vroom* 38.

If the assessments were irregular and defective in these respects, it would be the duty of the court to amend them under the act of March 23d, 1881.  *Pamph. L., p.* 194.

The township committee increased the assessment on the mill property of Amos Clark, Jr., without notice to him. This increase was illegal, and the assessment must be reduced to the valuation made by the assessor, unless application is made, pursuant to the act of 1881, to this court, to fix a fair valuation. The power granted to the court by this act is very wide, and it should be liberally construed to prevent tax-payers taking advantage of irregularities through which they have heretofore evaded the payment of their share of the public burdens.

The special township tax is admitted to be illegal, and by consent of counsel of the respective parties, that is to be set aside.

The other reasons relied upon by counsel to invalidate the proceedings have been duly considered.

The assessments and proceedings, except in the respects specified, should be affirmed.